**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| THERESA RUSSELL, <u>et</u> <u>al.</u>,   ) | |
| ) | |
| Plaintiffs,   ) | |
| ) | |
| v.   ) | CIVIL ACTION NO. 05-0602-CG-B |
| ) | |
| JAMES GILLIAM,   ) | |
| ) | |
| Defendant.   ) | |

**ORDER**

This matter is before the court on plaintiffs' motion to remand (Doc. 7), defendant's opposition thereto (Doc. 9), and plaintiffs' reply (Doc. 10). For the reasons stated above, the court finds that plaintiffs' motion to remand is due to be **GRANTED**.

**BACKGROUND**

This case, originally filed in Mobile County Circuit Court, involves a motor vehicle accident which allegedly resulted in injury to plaintiffs. The complaint seeks compensatory and punitive damages, but does not specify an amount in controversy.

Defendant's notice of removal asserts that "it is clear that the plaintiffs' claims for compensatory and punitive damages could exceed the sum of $75,000." (Doc. 1, p. 4). In addition, defendant states that on July 18, 2005, while this case was pending in state court, defendant served upon plaintiff requests for admission which asked plaintiffs to "admit or deny that plaintiffs' claims for compensatory and punitive damages and other relief in this matter is valued in excess of $75,000." (<u>Id.</u>). Defendant reports that he has received no response to the requests for admission and therefore defendant avers that they should be deemed admitted

pursuant to ALA. R. CIV. P. 36(b).

Plaintiffs' counsel became a member of a new law firm in August, 2005 and reports that he did not receive a copy of the requests for admission until after defendant filed his notice of removal. The requests for admission were mailed to counsel's prior firm. Plaintiffs maintain that their damages do not exceed $75,000.

### DISCUSSION

Federal courts are courts of limited jurisdiction. "While a defendant does have a right, given by statute, to remove in certain situations, plaintiff is still the master of his own claim" Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994) (citations omitted). "On a motion to remand, the removing party bears the burden of establishing jurisdiction." Diaz v. Sheppard, 85 F.3d 1502, 1505 (11th Cir. 1996) (citing Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353,1356 (11th Cir.1996), overruled on other grounds, Cohen v. Office Depot, Inc., 204 F.3d 1069 (11th Cir. 2000)). Moreover, "[t]he removal statute should be construed narrowly with doubt construed against removal." Diaz, 85 F.3d at 1505 (citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 107-09 (1941)). The removing party must make "an affirmative showing ... of all the requisite factors of diversity jurisdiction, including amount in controversy, at the time removal is attempted." Gaitor v. Peninsular & Occidental S.S. Co., 287 F.2d 252, 255 (5th Cir. 1961).

Plaintiffs dispute that the $75,000.00 minimum jurisdictional amount in controversy has been met. When a plaintiff has made an unspecified demand for damages, a removing defendant must prove by a "preponderance of the evidence" that the amount in controversy exceeds the jurisdictional minimum. Tapscott v. MS Dealer Service Corp., 77 F.3d 1353, 1356-57 (11th Cir.

1996).  However, this burden is less demanding than the "legal certainty" burden established in Burns v. Windsor Ins. Co., 31 F.3d 1092 (11th Cir. 1994) which applies when a plaintiff has specifically claimed less than the jurisdictional amount in the complaint.  In this case there has been no specific claim for damages.

No evidence has been offered as to the amount of damages.  The complaint does not indicate what injuries were sustained by plaintiffs, only that plaintiffs suffered permanent injuries.  Defendant relies on plaintiffs' failure to respond to the request for admission by the deadline proscribed in ALA. R. CIV. P. 36(b).

"A case removed from state court simply comes into the federal system in the same condition in which it left the state system." Matter of Meyerland Co., 960 F.2d 512, 520 (5th Cir. 1992) (citing Granny Goose Foods, Inc. v. Brotherhood of Teamsters, Etc., 415 U.S. 423, 435-36, 94 S.Ct. 1113, 1122-23, 39 L.Ed.2d 435 (1974)).  Pursuant to 28 U.S.C. § 1450, "all injunctions, orders, and other proceedings had in such action prior to its removal shall remain in full force and effect until dissolved or modified by the district court."   The Supreme Court has interpreted the purpose of § 1450, as follows:

> Section 1450 was simply designed to deal with the unique problem of a shift in jurisdiction in the middle of case which arises whenever cases are removed from state to federal court. In this respect two basic purposes are served. Judicial economy is promoted by providing that proceedings had state court shall have force and effect in federal court, so that pleadings filed in state court, for example, need not be duplicated in federal court. In addition, the statute ensures that interlocutory orders entered by the state court to protect various rights of parties will not lapse upon removal. Thus, attachments, sequestrations, bonds, undertakings, securities, injunctions, and other orders obtained in state court all remain effective after the case is removed to federal court.

Granny Goose Foods, 415 U.S. at 435-436 (footnote omitted).  A district court is therefore able

to treat an order originating at the state court level as it would any interlocutory order the court might have entered itself. See Nissho-Iwai American Corp. v. Kline, 845 F.2d 1300 (5th Cir.1998).

> On the other hand, it is well established that the state court order becomes federalized insofar as federal, rather than state, procedure governs the manner of its enforcement as well as supplies whatever policy justification that might support its continuance. Granny Goose Foods, 415 U.S. at 438-41, 94 S.Ct. at 1123-25; see also Azzopardi v. Ocean Drilling & Exploration Co., 742 F.2d 890, 895 (5th Cir.1984). To the extent the state court order requires the parties to act or refrain from acting in a manner inconsistent with federal procedural requirements, the district court must accommodate the order to federal law. Granny Goose Foods, 415 U.S. at 439-41 & n. 15, 94 S.Ct. at 1124-25 & n. 15.

Kline, 845 F.2d at 1303 -1304.  In this case, Alabama's request for admission statute, ALA. R. CIV. P. 36, mirrors Federal Rule of Civil Procedure 36.  Accordingly, the court concludes that the removal of the instant case from state to federal court did not affect the validity and force of defendant's requests for admissions.

Some courts have permitted a plaintiff's failure to respond to a request for admission to stand as the basis for determining that the jurisdictional minimum is met. See e.g. Bonnell v. Seaboard Air Line R.R. Co., 202 F.Supp. 53 (N.D. Fla.1962) (30-day window in which to remove began to run upon expiration of response deadline for request for admission); Gutierrez v. Schoen Machinery USA, Inc., 2003 WL 291912, *1 (N.D. Ill. Feb. 10, 2003) (same). However, federal courts have also permitted a party to answer the requests after the 30-day deadline has passed. See, e.g., Smith v. First Nat'l Bank of Atlanta, 837 F.2d 1575, 1577 (11th Cir.1988); Gutting v. Falstaff Brewing Corp., 710 F.2d 1309, 1312 (8th Cir.1983); Moosman v. Joseph P. Blitz, Inc., 358 F.2d 686, 688 (2nd Cir.1966); see also 8 Charles Alan Wright, Arthur R. Miller, & Richard L. Marcus, FEDERAL PRACTICE AND PROCEDURE § 2257 & n. 9 (1994)

("The court has power to allow additional time for a response to a request for admissions even after the time fixed by the rule has expired. Thus, the court can, in its discretion, permit what would otherwise be an untimely answer."). The court has discretion as to whether matters should be deemed admitted pursuant to FED. R. CIV. P. 36(b).[1] Rule 36(b) provides the following:

> Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission. Subject to the provision of Rule 16 governing amendment of a pre-trial order, the court may permit withdrawal or amendment when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice that party in maintaining the action or defense on the merits. Any admission made by a party under this rule is for the purpose of the pending action only and is not an admission for any other purpose nor may it be used against the party in any other proceeding.

FED. R. CIV. P. 36(b). Thus, the Court has authority to relieve a party from an admission made by default if: (1) presentation of the merits of the case will be subserved; and (2) the party who obtained the admission will not be prejudiced by the withdrawal. In this case, if plaintiffs were deemed to have admitted that the amount in controversy exceeded $75,000, the result could be that the case would remain in federal court. While it is questionable whether remanding the case will subserve presentation of the merits of the case, courts have found that where there is little

---

[1] Alabama's Rule 36(b) has also been interpreted as giving the court discretion. Green Tree Acceptance, Inc. v. Doan, 529 So.2d 201, 205 (Ala.1988). The Supreme Court of Alabama explained the relevant considerations as follows:
> Rule 36(b) gives the trial court discretion, on a motion and "[s]ubject to the provisions of Rule 16 governing amendment of a pre-trial order," to permit the "withdrawal or amendment [of admissions] when the presentation of the merits of the action will be subserved thereby and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action or defense on the merits." See Evans v. Insurance Co. of North America, 349 So.2d 1099 (Ala.1977).

Green Tree, 529 So.2d at 205.

5

prejudice to the defendant, a court may allow a plaintiff to withdraw his admission that the jurisdictional minimum was met. See Corbelle v. Sanyo Elec. Trading Co., Ltd., 2003 WL 22682464, *1 n.1 (N.D. Cal. Nov. 4, 2003) (citing Nguyen v. CNA Corp., 44 F.3d 234, 243 (4th Cir.1995) ("Because the late response was so minimal in time and work on the date for responding was slowed by the snow storm, we conclude that the district court did not abuse its discretion in refusing to consider the requests for admission as admitted."); Manatt v. Union Pacific Railroad Co., 122 F.3d 514, 517 (8th Cir.1997) (stating that rejecting the responding party's late answers would not subserve the presentation of the merits of the action and allowing the late answers would not prejudice the propounding party)). Defendant, as the party who obtained the admission, has failed to satisfy the court that withdrawal or amendment will prejudice defendant in maintaining the action or defense on the merits.

     Moreover, the Supreme Court has stated that "subject-matter jurisdiction, because it involves the court's power to hear a case, can never be forfeited or waived."Arbaugh v. Y & H Corp., — U.S. —, 126 S.Ct. 1235, 1244, 163 L.Ed.2d 1097 (2006) (citation omitted). Additionally, courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Id.  see also Alim v. Gonzales, 446 F.3d 1239, 1252 (11th Cir. 2006) (stating that the Court is "obligated to inquire into subject-matter jurisdiction sua sponte whenever it may be lacking"). Defendants may only remove a case over which the federal court could have exercised original jurisdiction. See Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 592, 124 S.Ct. 1920, 1936, 158 L.Ed.2d 866 (2004) (noting that "[r]emoval jurisdiction, after all, is totally dependent on satisfaction of the requirements for original jurisdiction"). Thus, the court finds that plaintiffs' failure to timely

respond to defendant's request for admission is not sufficient to demonstrate that the requisite jurisdictional minimum is met. The amount in controversy is not evident from the complaint and the parties have not submitted any additional evidence regarding the amount in controversy. Accordingly, the court finds that defendant has not met its burden of demonstrating by a preponderance of the evidence that the minimum amount in controversy has been met.

## **CONCLUSION**

For the reasons stated above, plaintiffs' motion to remand (Doc. 7) is **GRANTED,** and this case is hereby **REMANDED to the Circuit Court of Mobile County, Alabama**.

**DONE and ORDERED** this 9th day of June, 2006.

/s/ Callie V. S. Granade
CHIEF UNITED STATES DISTRICT JUDGE